**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 04-1350**

---

NITA WIDYANTI,

Petitioner,

versus

ALBERTO R. GONZALES, Attorney General,

Respondent.

---

On Petition for Review of an Order of the Board of Immigration Appeals.  (A79-508-408)

---

Submitted:  October 25, 2004        Decided:  May 26, 2005

---

Before NIEMEYER, GREGORY, and DUNCAN, Circuit Judges.

---

Petition denied by unpublished per curiam opinion.

---

Stanley J. Ellenberg, LAW OFFICES OF STANLEY ELLENBERG & ASSOCIATES, Philadelphia, Pennsylvania, for Petitioner. Peter D. Keisler, Assistant Attorney General, Linda S. Wendtland, Assistant Director, John S. Hogan, OFFICE OF IMMIGRATION LITIGATION, Washington, D.C., for Respondent.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Nita Widyanti, a native and citizen of Indonesia, petitions for review of an order of the Board of Immigration Appeals ("Board") affirming, without opinion, the immigration judge's order denying her applications for asylum, withholding of removal, and protection under the Convention Against Torture.

In her petition for review, Widyanti challenges the immigration judge's determination that she failed to establish her eligibility for asylum. To obtain reversal of a determination denying eligibility for relief, an alien "must show that the evidence [s]he presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." INS v. Elias-Zacarias, 502 U.S. 478, 483-84 (1992). We have reviewed the evidence of record and conclude that Widyanti fails to show that the evidence compels a contrary result. Accordingly, we cannot grant the relief that she seeks.

Additionally, we uphold the immigration judge's denial of Widyanti's request for withholding of removal. "Because the burden of proof for withholding of removal is higher than for asylum--even though the facts that must be proved are the same--an applicant who is ineligible for asylum is necessarily ineligible for withholding of removal under [8 U.S.C.] § 1231(b)(3)." Camara v. Ashcroft, 378 F.3d 361, 367 (4th Cir. 2004). Because Widyanti fails to show that

she is eligible for asylum, she cannot meet the higher standard for withholding of removal.

We also find that Widyanti fails to meet the standard for relief under the Convention Against Torture. To obtain such relief, an applicant must establish that "it is more likely than not that he or she would be tortured if removed to the proposed country of removal." 8 C.F.R. § 1208.16(c)(2) (2004). We find that Widyanti fails to make the requisite showing.

Finally, Widyanti claims that the Board's refusal to allow her to file an untimely opening brief in support of her appeal violated her rights to due process. In order to succeed on a procedural due process claim, Widyanti must make a showing of prejudice. See Rusu v. INS, 296 F.3d 316, 324 (4th Cir. 2002); Farrokhi v. INS, 900 F.2d 697, 703 n.7 (4th Cir. 1990). We may find prejudice only "when the rights of [an] alien have been transgressed in such a way as is likely to impact the results of the proceeding." Rusu, 296 F.3d at 320-21 (internal quotations and citation omitted). We find that Widyanti fails to show that the results of her proceeding would have been different if she had been allowed to file a brief and therefore fails to make the requisite showing of prejudice.

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions

are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>PETITION DENIED</u>